**ROSEN, BIEN & GALVAN, LLP**
ATTORNEYS AT LAW
POST OFFICE BOX 390
SAN FRANCISCO, CALIFORNIA 94104

*FILED*

July 2, 2008

**CONFIDENTIAL LEGAL MAIL**

*CASE #*

*08-3618-SBA*

Reginald Lewis, P-95159
San Quentin State Prison
General Delivery
San Quentin, CA 94964

    Re:   *Valdivia v. Schwarzenegger*
          Our File No. 720-1

Dear Mr. Lewis:

       I am writing to follow up on our previous contact with you.

       On May 29, 2008, we contacted the Board of Parole Hearings about your parole revocation case. We asked them why, as of May 22, 2008, the 35th day after your parole hold was placed, you had not received a revocation hearing.

       On June 18, 2008, the BPH responded and stated that your revocation hearing occurred on May 28, 2008. An objection was made citing an untimely hearing, but was denied. BPH stated that you were held on local charges from your arrest until May 5, 2008, and were not available to CDCR until May 5.

       Unfortunately, we are not able to assist you further in your individual parole revocation case. If you want to appeal the Board's decision, you should file a habeas corpus petition with the Superior Court of your county. Please see the enclosed materials about how to do this yourself.

       Thank you for providing us with information about your revocation case. This is valuable information as we continue to work on remedies for all California parolees under the *Valdivia* Injunction.

                             Sincerely yours,

                             ROSEN, BIEN & GALVAN, LLP

                             By:  Loren G. Stewart

LGS:mew
Encl: Habeas State

CASE # 08-3618-SBA

Interim DRU

EXTRADITION CASE

Date: 5/5/08

Name & CDCR Number: P95159 Lewis

Date Arrived in California: 4/17/08

Complete NOR NLT: 4/23/08

*After completion of NOR and (if possible) PCH
forward revocation packet to _____ the home
DRU via overnight for hearing NLT* 5/21/08 NLT

RTCA COMPLETED _____   ASSESSED _____

BPH EXTRADITION DESK
(916) 324-9302

Santa Clara Co
Jail

SEE CDC TITLE 15, PAGE 153
SECTION 3371.2(c)

*CASE# 08-3618-SBA*
*PAROLEE IS AVAILABLE ( AT BOTTOM OF PAGE )*

(d) Only the following credit issues shall be referred by the department to the sentencing court:

(1) Any case where credit was granted for time served for an in-prison offense, a crime committed while the inmate was on escape status, or where an inmate's consecutive case was sentenced after their received date and included credit for that time served.

(2) When an inmate's case was resentenced and the court credited the inmate with time being served in the department.

(3) When an inmate's probation is revoked and the inmate is granted more than 60 days custody credit, which is also being credited by the department.

(4) Cases where legal documents reflect any conflict in credit.

(5) Cases where the court granted Penal Code section 4019 credit at the rate of day-for-day.

(e) Any preprison credit towards an indeterminate sentence shall be applied within one week after the inmate's parole date or term is established or fixed by the Board of Prison Terms.

(f) No preprison credit shall be applied towards time assessed for prior indeterminate sentence terms.

(g) The inmate's received date is counted as a full day regardless of the actual time of day received; for each day thereafter, they shall serve the full 24-hour period to receive credit.

(h) An inmate who has been convicted of a felony, and sentenced under Penal Code section 667(b) through (i), or Penal Code Section 1170.12, with one or more prior felony convictions, as defined in Penal Code section 667.5(c) and/or 1192.7(c), shall not be awarded behavior and/or work credits in an amount that exceeds one-fifth of the total term of imprisonment imposed. The limitation on the inmate's credit accrual shall commence on the received date, as defined in section 3000 even if the inmate's sentence has been modified as the result of a striken prior felony conviction under Penal Code section 1385. There will be a maximum credit accrual rate of 20% so long as the trial court continues to use at least one prior felony conviction, as defined in PC section 667.5(c) and/or 1192.7(c), for the purposes of determining the term of imprisonment upon resentencing.

NOTE: Authority cited: Sections 5058, and 2930–2935, et seq., Penal Code. Reference: Sections 667, 667.5, 1168, 1170, 1170.12, 1192.7, 1203, 2900.1, 2900.5 and 5054, Penal Code; and Section 1782, Welfare and Institutions Code; and *People* v. *Caceres* (1997) 52 Cal.App. 4th 106, 60 Cal. Rptr. 2d 415, *People* v. *Buchalter* (2001) 26 Cal. 4th 994A, 108 Cal. Rptr. 2d 625, and *People* v. *Superior Court* (Romero) (1996) 13 Cal. 4th 497, 53 Cal. Rptr. 2d 789.

HISTORY:
1. New section filed 12-20-91 as an emergency; operative 12-20-91 (Register 92, No. 4). A Certificate of Compliance must be transmitted to OAL 4-20-92 or emergency language will be repealed by operation of law on the following day.
2. Certificate of Compliance as to 12-20-91 order including amendment of subsection (d)(1) transmitted to OAL 4-20-92 and filed 6-2-92 (Register 92, No. 24).
3. New subsection (h) and amendment of Note filed 12-10-2002; operative 1-9-2002 (Register 2002, No. 50).

**3371.2.   Credits for Escapee or Parole Violator.**

(a) An escapee or parole violator shall receive credit on their sentence for time in another jurisdiction's custody when they are held on "our hold only" and are available for return to the department's custody. No credit shall be applied for the time they are held on "our hold only" and are resisting extradition.

(b) An escapee or parole violator in local confinement is available except when serving a sentence in lieu of a fine or a sentence expressly ordered to run consecutively to their existing prison term.

(c) An escapee or parole violator in local confinement is available on the date our hold was placed or, if declared at-large and parole was suspended, the date of their arrest.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 2900 and 5054, Penal Code.

HISTORY:
1. New section filed 12-20-91 as an emergency; operative 12-20-91 (Register 92, No. 4). A Certificate of Compliance must be transmitted to OAL 4-20-92 or emergency language will be repealed by operation of law on the following day.
2. Certificate of Compliance as to 12-20-91 order transmitted to OAL 4-20-92 and filed 6-2-92 (Register 92, No. 24).

## Article 10.   Classification

**3375.   Classification Process.**

(a) The classification process shall be uniformly applied, commencing upon reception of a person committed to the custody of the director and shall continue throughout the time the individual remains under the director's jurisdiction. Each inmate shall be individually classified in accordance with this article.

(b) The classification process shall take into consideration the inmate's needs, interests and desires, his/her behavior and placement score in keeping with the department and institution's/facility's program and security missions and public safety.

(c) Each determination affecting an inmate's placement within a institution/facility, transfer between facilities, program participation, privilege groups, or custody designation shall be made by a classification committee composed of staff knowledgeable in the classification process.

(d) The classification of felon inmates shall include the classification score system as established. A lower placement score indicates lesser security control needs and a higher placement score indicates greater security control needs.

(e) When possible, the inmate shall be given sufficient advance written notice of any classification committee hearing to provide the inmate reasonable preparation time to discuss the matter to be considered. An inmate appearing before a classification committee shall be informed of the inmate's next classification committee hearing date when it is known or can be anticipated.

(f) The classification of inmates shall provide the following procedural safeguards:

(1) Inmates shall be given written notice at least 72 hours in advance of a hearing which could result in an adverse effect. Adverse effect is defined as:

(A) Involuntary transfer to a higher security level institution/facility, which is not consistent with the inmate's placement score.

(B) Increase in the inmate's custody designation.

(C) Involuntary placement in segregated housing.

(D) Involuntary removal from an assigned program.

(E) Placement in a reduced work group.

(F) Involuntary transfer to another institution/facility because of the inmate's misbehavior or receipt of new information that may affect staff, inmates, the public, or the safety and security of the institution/facility, whether or not his/her placement score is consistent with the receiving institution's/facility's security level.

(G) Transfer of an inmate to a more restrictive institution or program where the security level is higher.

(2) Except as provided in subsection 3375(f)(3), the inmate shall be present at all initial classification committee hearings and at any other classification committee hearing which could result in an adverse effect upon the inmate.

(3) An in absentia (without inmate's presence) classification hearings may be held only when:

(A) The inmate refuses to appear before the committee.

(B) The inmate is physically incapable of appearing before the committee, or is determined by a psychiatrist to be mentally incompetent and cannot understand the purpose of the hearing.

(C) The purpose of the hearing is to:

1. Improve the inmate's conditions of confinement by reducing or removing a previously imposed restriction.

*CASE CV-08-3618-SBA*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
REGION II APPEALS OFFICE

INMATE/PAROLEE APPEALS SCREENING
CDC 695 (Rev. 10/02)

| | |
|---|---|
| **Date:** *08-06-08* | |

| NAME *Lewis, Reginald* | CDC# *P95759* | LOG NUMBER |
|---|---|---|
| INSTITUTION *SQ-RC* | | UNIT *SJ#5* |

Your appeal is being returned to you for the following reason(s):

[X] The action or decision you are appealing is not within the jurisdiction of DAPO. [ ] This is a BPH issue. CCR 3084.3©(1)

[ ] You have already submitted an appeal on this same issue.  Region II Log#:_____,        CCR 3081.3©(2)

[ ] You cannot appeal an action or policy not yet taken.     CCR 3084.3©(3)

[ ] You have not attempted to resolve your grievance at the Informal Level with:     _____,  CCR 3084.3©(4)

[ ] You have not adequately completed your appeal and/or attached the proper documents.   CCR 3084.3©(5)
    Please attach the following document(s) _____

[ ] You failed to file your appeal within 15 days of the event or decision.     CCR 3084.3©(6)

[ ] This issue has been addressed already: See attached correspondence.     CCR 3084.2(g)

[ ] You are abusing the appeal process by: [ ] Excessive filing.  [ ] Excessive verbiage.  [ ] Lack of cooperation.
    [ ] Inappropriate statements:_____.   [ ] Voluminous unrelated documentation.        CCR 3084.3©(8)

[ ] You are not authorized to appeal on behalf of another inmate.   CCR 3084.3©(7)

[ ] This appeal was resolved at a lower level.  If you disagreed with the decision, you had 15 working days from when you
    received your appeal to file at a higher level.     CCR 3084.6.

[ ] Inappropriate use of the appeal process.        [ ] Submit your request on CDC1233 Transfer Investigation
    Request, and send it to your Parole Agent for processing.        [ ] This is not a request form.

[ ] A limit of one continuation page (front and back) may be attached to the appeal to describe the problem and
    action requested in sections A and B of the form.     CCR 3084.2(a)(1).

[ ] You have failed to demonstrate an adverse effect on your welfare.     CCR 3084.1(a)

[X] Remark(s):   *See Attachment*_____

    _____

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE!**   / *1st*  Screen Out

[ ] Please correct the indicated problems and return your appeal.

| | |
|---|---|
| Note: Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d).  The screening decision may not be appealed.  If you feel that the above reason(s) is inaccurate, please return this form with your appeal and an explanation as to why you feel this screening action is incorrect. Your argument will be reviewed and the appeal will be reevaluated. You have only 15 days to comply with the above directives. | *T. Pacheco, PAII*  **T. Pacheco, PAII**  **APPEALS COORDINATOR**  **REGION II** |

EMERGENCY APPEAL

COPY

## INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|

CASE # 2. CV-08-3618-SBA

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME REGINALD LEWIS | NUMBER P95159 | ASSIGNMENT N/A | UNIT/ROOM NUMBER 1D040 |
|---|---|---|---|

A. Describe Problem: MY RELEASE DATE WAS 5-23-08, AND MY DETENTION IS A SERIOUS LIABILITY. MY DUE PROCESS WAS VIOLATED UNDER VALDIVIA, (NO. CIV. S-94-0671-LKK/GGH) PERMANENT INJUNCTION. THIS IS THE SECOND SERIOUS DUE PROCESS VIOLATION AGAINST ME BY THE BOARD. IN THE PREVIOUS INCIDENT, I WAS HELD IN SAN QUENTIN (ON FALSE CHARGES) FOR 6 MONTHS, WITH NO SCREENING, NOR A REVOCATION HEARING.

If you need more space, attach one additional sheet.

B. Action Requested: PLEASE DISCHARGE MY PAROLE IMMEDIATELY. I SHOULD BE RELEASED IMMEDIATELY, PER VALDIVIA. I SHOULD BE AT WORK RIGHT NOW, EARNING $45.⁰⁰ TO $75.⁰⁰ PER HOUR AS A REPORTS DEVELOPER.

Inmate/Parolee Signature: _Reginald Lewis_     Date Submitted: 6-3-08

C. INFORMAL LEVEL (Date Received: 8-18-08)

Staff Response: You received 12 mos (I) att your rev hearing on 5-28-08. That makes your date 12-16-08 you are not overdue for parole.

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

THE FEDERAL LAW IS PLAIN AND SIMPLE. PLAINTIFF SHOULD HAVE BEEN RELEASED IMMEDIATELY. DISCHARGE FROM PAROLE IS ALSO WARRANTED DUE TO THE CONTINUOUS ACTS OF UNLAWFUL CONFINEMENT.

Signature: _Reginald Lewis_     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

RECEIVED

COPY

AUG 6 2008

REGIONAL APPEALS

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**BOARD OF PAROLE HEARINGS**

1515 K Street, 6ᵗʰ Floor
Sacramento, Ca. 95814



Effective May 1, 2004, the Board of Parole Hearings Appeals, formerly known as the Board of Prison Terms, section (15 CCR section 2050-2056) was repealed by Administrative Directive No. 04/01. The Board of Parole Hearings no longer has an Appeals Unit: therefore, the decisions or action regarding the issue listed below **cannot be appealed** and will no longer be addressed by the Board, regardless of whether the issues are written on a BPT 1040, a CDC 602, or in letter format:

- Due process (including hearing scheduling)
- Parole revocation process (including hearing panel issues)
- Early discharge requests (prior to discharge review)
- Good cause findings for hearings
- CDCR clerical errors regarding date/time/credit calculations/day for day
- CDCR/P&CSD staff related issues
- Submitted prior to a Board action
- Attorney issues
- Witness issues
- Time assessed at the revocation hearings

You may go directly to the courts per California Department of Corrections and Rehabilitation, 15 CCR section 3160, inmate access to the courts. Forms are available at the institution's law library. If you are being housed at a county, jail, you can obtain a copy of the forms at your jail housing unit.

Issues concerning clerical errors on BPH 1103 PCH an REV forms related to Board Decision, mandatory discharge, credit eligibility during revocation terms, BPH mandated special conditions of parole, retain on parole actions, and other rules of law, can be reviewed by the Board. You can submit these concerns via correspondence to the:

**Board of Parole Hearings, Quality Control Unit**
**1515 "K" Street, Sixth Floor**
**Sacramento, Ca, 95814.**

Sincerely,

Board of Parole Hearings
Attachment

REGINALD LEWIS PAISLEY
SAN QUENTIN STATE PRISON
SAN QUENTIN, CA 94964



CLERK, U.S. DISTRICT COURT
450 GOLDEN GATE AVE.
BOX 36060
SAN FRANCISCO, CA 94102

UNITED STATES POSTAGE
PITNEY BOWES
02 1M          $ 00.590
0004248283     AUG 28 2008
MAILED FROM ZIPCODE 94964