IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REGINALD T. LEWIS,

   Petitioner,

 v.

ROBERT AYERS, Warden,

   Respondent.
            /

No. C 08-03618 SBA (PR)

**ORDER OF DISMISSAL**

  Petitioner, a state prisoner, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the full filing fee. He admits that he did not exhaust his state remedies before filing this petition.

  According to the allegations in the petition, Petitioner "was held for more than 40 days (without good cause) waiting for a parole revocation hearing," and he "was confined in San Quentin on false charges with no screening, nor revocation hearing for 6 months." (Pet. at 8.) Petitioner filed a state habeas corpus petition in the Marin County Superior Court, which was denied on July 23, 2008. Petitioner does not state that after receiving the denial he has sought further state habeas corpus relief; in particular, he does not state he has sought, and been denied, relief from the state supreme court.

  Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

1   Because Petitioner did not present his claims to the state supreme court for review in a state
2   petition for a writ of habeas corpus, his federal petition is unexhausted and must be DISMISSED.
3   This dismissal is without prejudice to Petitioner returning to state court to exhaust his state remedies
4   and then filing a new federal habeas corpus petition. Should he do so, he is advised to file his new
5   federal habeas corpus petition as soon as possible after his state court proceedings have concluded.
6   The Court makes no ruling at this time on the issue of the timeliness of any future federal petition.

7   The Court has rendered its final decision on this matter; therefore, this Order TERMINATES
8   Plaintiff's case. The Clerk of the Court shall terminate any pending motions and close the file.

9   IT IS SO ORDERED.

10  DATED: 10/22/08

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

P:\PRO-SE\SBA\HC.08\Lewis3618.dismiss-UNEXH.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD T. LEWIS,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT AYERS et al,<br><br>    Defendant. | Case Number: CV08-03618 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 23, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Reginald T. Lewis P95159
California State Prison - San Quentin
San Quentin, CA 94964

Dated: October 23, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.08\Lewis3618.dismiss-UNEXH.wpd